**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| BRIAN CHRISTOPHER COLLINS , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00652-JAG |
| | ) | |
| | ) | |
| GEORGE ALAN CRAMER | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR
<u>ENTRY OF DEFAULT JUDGMENT</u>**

Plaintiff Brian Christopher Collins (hereafter "Plaintiff"), by and through undersigned counsel, and pursuant to Rule 55(b) of the *Federal Rules of Civil Procedure*, states as follows for his Memorandum of Law in Support of Plaintiff's Motion for Entry of Default Judgment.

The Clerk of this Court has entered Default against Defendant, who has failed to file any responsive pleading or otherwise defend the claims against him. Accordingly, this Court should enter Default Judgment against Defendant.

**I.    Factual Background.**

Plaintiff is the half-brother of Defendant George Alan Cramer (hereafter "Defendant"). Through fraudulent and illegal means, Defendant misappropriated Plaintiff's identity by obtaining a South Carolina driver's license in Plaintiff's name and bearing Defendant's picture

and signature.  Defendant, through his familial relationship with Plaintiff, also accessed other pertinent personal information about Plaintiff.

Using his fraudulent driver's license and background information on Plaintiff, Defendant has conducted several fraudulent transactions and illegal acts in Plaintiff's name.  First, Defendant sought medical treatment from West End Orthopedic Clinic while falsely identifying himself as Plaintiff.  After the cessation of treatment for a fractured leg bone, Defendant failed to pay for charges incurred at the Clinic.  On October 21, 2009, West End Orthopedic Clinic sued Plaintiff in Henrico General District Court, seeking repayment for medical services provided to Defendant.  Plaintiff had no notice of the suit and the Court entered judgment against him on December 18, 2009 in the amounts of $5,038.60 plus 18% interest until paid, $77 in costs, and $1,259.65 in attorney's fees.  (*See* "Civil Warrant," attached hereto as **Exhibit A.**)

Second, on or about February 2, 2006, Defendant, purporting his identity as that of Plaintiff, entered into a contract with Andrea Sabourin to complete construction and remodeling work on Ms. Sabourin's Chesterfield County, Virginia home.  (*See* "Sabourin Contract," attached hereto as **Exhibit B.**)   A subsequent contract entered into by Defendant and Ms. Sabourin identified "Hardcore Construction" as the provider of construction services.  Defendant operates or previously operated Hardcore Construction through a contractor's license issued to his mother, Margaret Pryor.  (*See* "Contractor's License," attached hereto as **Exhibit C.**) Throughout the entirety of the transaction with Ms. Sabourin, Defendant identified himself as Plaintiff to Ms. Sabourin.  Ms. Sabourin made payments to Defendant in Plaintiff's name.

Ms. Sabourin filed suit against Defendant in Chesterfield County Circuit Court claiming her dissatisfaction in Defendant's work.  Believing Defendant was "Brian Collins," Ms. Sabourin named Mr. Collins as a party to the suit.  Plaintiff had no notice of the suit and the Court entered

a judgment against him of $24,674.19 with interest at 6% per annum until paid.  (*See* "Judgment Order," attached hereto as **Exhibit D.**)  Upon receiving notice of the judgment on May 19, 2015, Plaintiff successively moved to set aside the judgment on the grounds of fraud and/or mistake.  (*See* "Order," attached hereto as **Exhibit E.**)

In addition to the commercial transactions Defendant engaged in using Plaintiff's name, Defendant has also engaged in criminal activity while holding himself out as Plaintiff.  On April 17, 2009, the Henrico County Police Department arrested Defendant for assault and battery against Linda A. Wolstenholme.  (*See* "Warrant for Assault and Battery," attached hereto as **Exhibit F.**)  Defendant identified himself to police as Plaintiff.  During the fingerprinting process after his arrest, Defendant admitted to officers his real identity.  New warrants issued against Defendant, removing Plaintiff's name and including a subsequent charge for falsely identifying oneself to a law enforcement officer.  (*See* "Amended Warrants for Assault, Battery, and Falsifying Identity," attached hereto as **Exhibit G.**)  However, despite the amendment of these warrants, as of June 30, 2015, Plaintiff's criminal history falsely stated that Plaintiff, rather than Defendant, was convicted of these crimes.

Moreover, on or about November 1, 2008, Defendant entered into a contract with Wilhelmila Turner to perform construction work on Ms. Turner's residential property in Richmond, Virginia.  Defendant held himself out in this transaction as Plaintiff.  Ms. Turner paid Defendant $200.00 for work that Defendant never completed.  Ms. Turner filed a complaint with the Richmond City Police Department and obtained a felony warrant for the arrest of "Brian Collins" on the charge of construction fraud.  (*See* "Warrant for Construction Fraud," attached hereto as **Exhibit H.**)  Upon discovering the outstanding warrant when applying for a passport in March 2014, Plaintiff obtained counsel and had the incorrect warrant against him withdrawn.

Because of Defendant's transgressions, Plaintiff has suffered financial, emotional, and reputational harm.  Plaintiff has had difficulty obtaining government documents and licensing, which limits his ability to travel to his home in Belize and work in his industry.  Plaintiff has suffered a decline in his credit due to the numerous infractions perpetrated by Defendant.  Through fraudulent acts, Defendant has subjected Plaintiff to civil judgments and criminal charges.

Faced with irreparable professional and personal harm, as well as enduring severe emotional distress, Plaintiff filed the instant civil action against Defendant on October 28, 2015.  (*See* Doc. No. 1.)  In that Complaint, Plaintiff brought the following claims against Defendant: (1) unauthorized use of name in violation of Virginia Code § 8.01-40; (2) fraud; and (3) intentional infliction of emotional distress.  (*See id.*)   Plaintiff served Defendant by posting and subsequent mailing of the Summons and Complaint on November 4, 2015.  Thus, per Rule 12 of the *Federal Rules of Civil Procedure*, Defendant was required to file a responsive pleading by November 25, 2015.

To date, Defendant has not filed any responsive pleading or otherwise defended the claims against him.  Plaintiff sought entry of Default by the Clerk of this Court on December 1, 2015.  (*See* Doc. No. 4.)  The Clerk of Court entered Default against Defendant on December 2, 2015.  (*See* Doc. No. 8.)

**II.   Argument.**

Rule 55(a) of the *Federal Rules of Civil Procedure* provides that, once the clerk of court enters default against a party, the party seeking default judgment may apply to the Court for entry of the judgment.  The Clerk of Court has already entered Default against Defendant, and Defendant is not a minor, incompetent person, or active United States military member.  Thus,

entry of Default Judgment is proper against Defendant, who has wholly failed to defend against the Complaint filed against him.

Plaintiff seeks in his Complaint compensatory damages of $1,000,000.00 and punitive damages of $350,000.00. Plaintiff also seeks injunctive relief to stop the fraudulent and harmful identify theft perpetrated by Defendant. Therefore, Plaintiff seeks entry of Default Judgment in the amount of $1,350,000.00 plus post-judgment interest per annum pursuant to 28 U.S.C. § 1961 from December ___, 2015. Plaintiff also seeks the costs associated with bringing this action.

Plaintiff concedes that the nature of his claims do not permit a "sum certain" computation as foreseen by Rule 55(b)(1) of the *Federal Rules of Civil Procedure*. Thus, to the extent the Court finds it necessary and proper, Plaintiff requests a jury trial of the damages asserted in his Complaint. Moreover, Plaintiff requests leave from the Court to conduct limited third-party discovery to obtain, at minimum, criminal records pertaining to Defendant, as well as medical bills and other records kept by West End Orthopedic Clinic.

WHEREFORE, Plaintiff respectfully prays the Court enter judgment against in the Defendant in the amount of $1,350,000.00 plus post-judgment interest per annum pursuant to 28 U.S.C. § 1961 from December 31, 2015 plus reasonable costs and such other relief (including injunctive relief) as justice may require.

Dated: December 31, 2015                                Respectfully Submitted,

/s/  Matthew D. Fender
Matthew D. Fender (VSB No. 76717)
E-mail: mfender@mcguirewoods.com
Lauren Palmer Scott (admitted pro hac vice)
E-mail: lscott@mcguirewoods.com
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

*Counsel for Brian C. Collins*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2015 I caused a true and correct copy of the foregoing pleading to be sent via First Class Mail to the following defendant:

>George Alan Cramer
>565 Hanover Road
>Sandston, Virginia 23150

>/s/  Matthew D. Fender
>Matthew D. Fender (VSB No. 76717)
>E-mail: mfender@mcguirewoods.com
>McGuireWoods LLP
>One James Center
>901 E. Cary Street
>Richmond, VA 23219
>Tel: (804) 775-1000
>Fax: (804) 775-1061
>
>*Counsel for Brian C. Collins*