**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| BRIAN CHRISTOPHER COLLINS , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00652-JAG |
| | ) | |
| | ) | |
| GEORGE ALAN CRAMER | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

COMES NOW, Plaintiff Brian Christopher Collins (hereafter "Plaintiff"), by and through undersigned counsel, and pursuant to Rule 51 of the *Federal Rules of Civil Procedure*, LCvR 51, and the Court's order of January 8, 2016 (ECF No. 13) and respectfully submits the following proposed jury instructions for the March 2, 2016 evidentiary hearing scheduled in this action.

No. 1

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.


*Modern Federal Jury Instructions—Civil, No.71-2.*


United States Supreme Court: Patapsco Insurance Co. v. Southgate, 30 U.S. 604, 621, 8 L. Ed. 243 (1831).

Second Circuit: Franks v. United States Lines Co., 324 F.2d 126 (2d Cir. 1963).

Third Circuit: United States v. 564.54 Acres of Land, 576 F.2d 983 (3d Cir. 1978), rev'd on other grounds, 441 U.S. 506 (1979) ; Third Circuit Model Civil Jury Instruction 3.1.

Fifth Circuit: Shelak v. White Motor Co., 636 F.2d 1069 (5th Cir. 1981); Martin v. Travelers Indemnity Co., 450 F.2d 542 (5th Cir. 1971) .

Sixth Circuit: Nolan v. Greene, 383 F.2d 814 (6th Cir. 1967); Tyree v. New York C. R. Co., 382 F.2d 524 (6th Cir. 1967).

No. 2

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

 You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.


*Fifth Circuit Pattern Jury Instruction No. 3.1*

No. 3

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

*Fifth Circuit Pattern Jury Instruction 3.4.*

No. 4

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

*Modern Federal Jury Instructions—Civil, No. 71-6.*

No. 5

In this case, the defendant has been declared in default.  He has been given notice of these proceedings and time to respond, and he has not come forward to defend against the claims.  The court has found that the Defendant is liable to the Plaintiff for damages.  That means that you are to treat all the facts alleged by the plaintiff as admitted by the defendant.  You are to treat it as established that the defendant committed the conduct alleged by the plaintiff.  Your task in this action is to determine the amount of damages to which the plaintiff is entitled.

*Instruction drafted by Plaintiff's counsel.*

*J & J Sports Prods. v. Prestige Lounge, LLC*, No. 3:13-cv-6162013, 2013 U.S. Dist. LEXIS 174293 at *2 (E.D. Va. Dec. 11, 2013) ("When a properly served defendant makes no effort to appear or respond to the proceedings, the Court may grant a default judgment against the defendant. Without a response, the Court considers all of the plaintiff's allegations admitted.").

*Eastern Elec. Corp. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009) ("Once a default judgment has been entered, the well-pleaded, factual allegations of the complaint, except those relating to the damage amount, are accepted as true and treated as though they were established by proof.").

No. 6

Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Fifth Circuit Pattern Jury Instruction 3.3.*

No. 7

Deposition Testimony

Certain testimony [will now be] [has been] presented to you through a deposition. A deposition
is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under
some circumstances, if a witness cannot be present to testify from the witness stand, that
witness's testimony may be presented, under oath, in the form of a deposition. Sometime before
this trial, attorneys representing the parties in this case questioned this witness under oath. A
court reporter was present and recorded the testimony. The questions and answers [will be][have
been] [read][shown] to you today. This deposition testimony is entitled to the same consideration
[and is to be judged by you as to credibility] [and weighed and otherwise considered by you in
the same way] as if the witness had been present and had testified from the witness stand in
court.

*Fifth Circuit Pattern Jury Instruction 2.13.*

.

No. 8

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

*Modern Federal Jury Instructions—Civil, No. 75-1.*

United States Supreme Court: Schulz v. Pennsylvania R. Co., 350 U.S. 523, 526, 76 S. Ct. 608, 100 L. Ed. 668 (1956) ; Lavender v. Kurn, 327 U.S. 645, 653, 66 S. Ct. 740, 90 L. Ed. 916 (1946).

Second Circuit: Wilkins v. American Export Isbrandtsen Lines, Inc., 446 F.2d 480, 484 (2d Cir. 1971).

Third Circuit: EEOC v. Greyhound Lines, 635 F.2d 188, 194 (3d Cir. 1980).

Seventh Circuit: United States v. An Article of Device, 731 F.2d 1253, 1262-1263 (7th Cir. 1984).

Eleventh Circuit: Daniels v. Twin Oaks Nursing Home, 692 F.2d 1321, 1324-1326 (11th Cir. 1982) .

No. 9

You have heard the defendant (or plaintiff or a witness) decline to answer (certain) questions on the grounds of his or her Fifth Amendment privilege against self-incrimination.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to the defendant.

Any inference you may draw should be based on all of the facts and circumstances in this case as you may find them.

*Modern Federal Jury Instructions—Civil, No. 75-5.*

Second Circuit: LiButti v. United States, 107 F.3d 110, 120-125 (2d Cir. 1997).

Third Circuit: RAD Servs., Inc. v. Aetna Cas. & Sur. Co., 808 F.2d 271, 274-277 (3d Cir. 1986).

Fourth Circuit: ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 179 (4th Cir. 2002).

Fifth Circuit: Curtis v. M & S Petroleum, 174 F.3d 661, 673-674 (5th Cir. 1999).

Seventh Circuit: Evans v. City of Chicago, 513 F.3d 735, 740-741 (7th Cir. 2008).

Ninth Circuit: SEC v. Jasper, 678 F.3d 1116, 1125-1125 (9th Cir. 2012); SEC v. Colello, 139 F.3d 674, 677-678 (9th Cir. 1998).

Eleventh Circuit: Coquina Investments v. Rothstein, 2012 U.S. Dist. LEXIS 139947, at *31-*34 & n.9 (S.D. Fla. Sept. 28, 2012).

No. 10

General Personal Injury and Property Damage

~~If you find your verdict for the plaintiff, then i~~[I]n determining the damages to which ~~he~~ Plaintiff is entitled, you shall consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of the defendant:

~~(1) any bodily injuries he sustained and their effect on his health according to their degree and probable duration;~~

(2) any ~~physical pain and~~ mental anguish he suffered in the past and any that he may be reasonably expected to suffer in the future;

~~(3) any disfigurement or deformity and any associated humiliation or embarrassment;~~

(4) any inconvenience caused in the past and any that probably will be caused in the future;

~~(5) any medical expenses incurred in the past [and any that may be reasonably expected to occur in the future];~~

(6) any earnings he lost because he was unable to work at his calling;

(7) any loss of earnings and lessening of earning capacity, or either, that he may reasonably be expected to sustain in the future;

~~(8) any property damage he sustained.~~

Your verdict shall be for such sum as will fully and fairly compensate the plaintiff for the damages sustained as a result of the defendant's negligence.


*Virginia Model Jury Instruction No. 9.000 (modified as shown)*

F.B.C. Stores v. Duncan, 214 Va. 246, 251, 198 S.E.2d 595, 599 (1973) (stating that compensatory damages are designed to "make the plaintiff whole"); The News Leader Co. v. Kocen, 173 Va. 95, 108, 3 S.E.2d 385, 391 (1939) ("Actual or compensatory damages, the terms being synonymous, are damages in satisfaction of, or in recompense for, loss or injury sustained. Either term covers all loss recoverable as a matter of right and includes all damages other than punitive or exemplary damages."); Weatherford v. Birchett, 158 Va. 741, 746-47, 164 S.E. 535, 537 (1932) ("Compensatory damages are those allowed as a recompense for the injury actually received, and include compensation for insult, pain, humiliation, mental suffering, injury to the reputation, and the like.").

11

No. 11

General Punitive Damages

You are to assume ~~If you find that the plaintiff is entitled to be compensated for his damages, and if you further believe by the greater weight of the evidence~~ that the defendant acted with actual malice toward the plaintiff or acted under circumstances amounting to a willful and wanton disregard of the plaintiff's rights, ~~then~~ and you may also award punitive damages to the plaintiff to punish the defendant for his actions and to serve as an example to deter him and others from acting in a similar way.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.

*Virginia Model Jury Instruction No. 9.080 (modified as shown)*

Coalson v. Canchola, 287 Va. 242, 249, 754 S.E.2d 525, 528 (2014) ; Banks v. Mario Indus. of Va., Inc., 274 Va. 438, 460, 650 S.E.2d 687, 699 (2007) ; Baldwin v. McConnell, 273 Va. 650, 659, 643 S.E.2d 703, 707 (2007) ; Green v. Ingram, 269 Va. 281, 291-92, 608 S.E.2d 917, 923-24 (2005) ; Etherton v. Doe, 268 Va. 209, 213-14, 597 S.E.2d 87, 90 (2004) ; Woods v. Mendez, 265 Va. 68, 76-77, 574 S.E.2d 263, 268 (2003) ; Doe v. Isaacs, 265 Va. 531 , 535 , 579 S.E.2d 174, 176 (2003) ; Allstate Ins. Co. v. Wade, 265 Va. 383 , 396 , 579 S.E.2d 180, 187 (2003) ; PGI, Inc. v. Rathe Prods., Inc., 265 Va. 334, 345-46, 576 S.E.2d 438, 444 (2003) ; Smith v. Litten, 256 Va. 573, 578-79, 507 S.E.2d 77, 80 (1998) ; Shaw v. Titan Corp., 255 Va. 535 , 545 , 498 S.E.2d 696, 701 (1998) ; Schnupp v. Smith, 249 Va. 353 , 368 , 457 S.E.2d 42, 50 (1995) ; Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128 , 144 , 413 S.E.2d 630, 640 (1992) ; Foreign Mission Board. of S. Baptist Convention v. Wade, 242 Va. 234 , 241 , 409 S.E.2d 144, 148 (1991) ; Hack v. Nester, 241 Va. 499 , 506 , 404 S.E.2d 42, 45 (1990) ; Booth v. Robertson, 236 Va. 269 , 273 , 374 S.E.2d 1, 3 (1988) ; Ford Motor Co. v. Bartholomew, 224 Va. 421 , 437 , 297 S.E.2d 675, 684 (1982) ; Worrie v. Boze, 198 Va. 533 , 543 , 95 S.E.2d 192, 200 (1956) , reh'g, 198 Va. 891 , 96 S.E.2d 799 (1957) ; Wright v. Everett, 197 Va. 608, 613-14, 90 S.E.2d 855, 855 (1956) ; Zedd v. Jenkins, 194 Va. 704, 706-07, 74 S.E.2d 791, 793 (1953) ; Baker v. Carrington, 138 Va. 22, 24, 120 S.E. 856, 857 (1924) .

No. 12

You will now return to decide the case. ~~In order to prevail, the plaintiff ( or defendant) must sustain his or her burden of proof as I have explained to you with respect to each element of the complaint ( or affirmative defense or counterclaim). If you find that the plaintiff has succeeded, you should return a verdict in his or her favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff. (Similarly, if you find that the defendant has failed to sustain his or her burden with respect to any element of the defendant's affirmative defense ( or counterclaim), you must return a verdict against the defendant on that defense or claim.)~~

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

*Modern Federal Jury Instructions—Civil, No. 78-3 (modified as shown).*

United States Supreme Court: American Publishing Co. v. Fisher, 166 U.S. 464, 17 S. Ct. 618, 41 L. Ed. 1079 (1896).

Second Circuit: Grace Lines, Inc. v. Motley, 439 F.2d 1028 (2d Cir. 1971).

Third Circuit: Third Circuit Model Civil Jury Instruction 3.1.

Fifth Circuit: Fifth Circuit Pattern Civil Jury Instruction 2.11.

Eighth Circuit: Eighth Circuit Civil Jury Instruction 3.06.

Ninth Circuit: Jazzabi v. Allstate Ins. Co., 278 F.3d 979 (9th Cir. 2002); Ninth Circuit Model Civil Jury Instruction 3.1.

Tenth Circuit: Bledsoe v. Garcia, 742 F.2d 1237 (10th Cir. 1984).

Eleventh Circuit: Eleventh Circuit Pattern Civil Jury Instructions, Basic Instructions 7.1, 7.2.

No. 13

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.


*Modern Federal Jury Instructions—Civil, No. 78-5.*

Third Circuit: Third Circuit Model Civil Jury Instruction 3.1.

Fifth Circuit: Fifth Circuit Pattern Civil Jury Instruction 2.12.

Seventh Circuit: Seventh Circuit Pattern Civil Jury Instruction 1.32.

Eighth Circuit: Eighth Circuit Model Civil Jury Instruction 3.06.

Ninth Circuit: Ninth Circuit Model Civil Jury Instruction 3.1.

Eleventh Circuit: Eleventh Circuit Pattern Civil Jury Instructions, Basic Instruction 8.

No. 14

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that (if applicable: each of) you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

*Modern Federal Jury Instructions—Civil, No. 78-6*

Third Circuit: Third Circuit Model Civil Jury Instruction 3.1.

Fifth Circuit: Fifth Circuit Pattern Civil Jury Instruction 2.12.

Seventh Circuit: Seventh Circuit Pattern Civil Jury Instruction 1.32.

Eighth Circuit: Eighth Circuit Civil Jury Instruction 3.06.

Ninth Circuit: Ninth Circuit Model Civil Jury Instruction 3.3.

Eleventh Circuit: Eleventh Circuit Pattern Civil Jury Instructions, Basic Instruction 8.

Dated: February 17, 2016                    Respectfully Submitted,


                                            /s/  Matthew D. Fender
                                            Matthew D. Fender (VSB No. 76717)
                                            E-mail: mfender@mcguirewoods.com
                                            Lauren Palmer Scott (admitted pro hac vice)
                                            E-mail: lscott@mcguirewoods.com
                                            McGuireWoods LLP
                                            One James Center
                                            901 E. Cary Street
                                            Richmond, VA 23219
                                            Tel: (804) 775-1000
                                            Fax: (804) 775-1061

                                            *Counsel for Brian C. Collins*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2016 I caused a true and correct copy of the

foregoing pleading to be sent via First Class Mail to the following defendant:

> George Alan Cramer
> 565 Hanover Road
> Sandston, Virginia 23150

> /s/  Matthew D. Fender
> Matthew D. Fender (VSB No. 76717)
> E-mail: mfender@mcguirewoods.com
> McGuireWoods LLP
> One James Center
> 901 E. Cary Street
> Richmond, VA 23219
> Tel: (804) 775-1000
> Fax: (804) 775-1061
>
> *Counsel for Brian C. Collins*